E-FILED
Wednesday, 01 June, 2016  05:31:25 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

---

**DESIGN BASICS, LLC,**
    **Plaintiff**

    v.

**ARMSTRONG BUILDERS, INC;**
**ARMSTRONG CONSTRUCTION CO.;**
**ARMSTRONG CONSTRUCTION OF**
**CHAMPAIGN, INC.; ARMSTRONG**
**BUILDERS OF PEORIA, INC.; ARK VI,**
**L.L.C.; EAGLE LINKS, LLC; ARMSTRONG**
**GROVE, INC.; FIELDSTONE MORTON, LLC;**
**VICTOR E. ARMSTRONG, JR.; and**
**THOMAS E. ARMSTRONG**
    **Defendants**

Case No: _____

**JURY DEMANDED**

---

### *PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT*

---

Plaintiff, Design Basics, LLC (hereinafter, "DB") by its attorneys, Dana A. LeJune and Michael T. Hopkins, file this cause of action against the Defendants, Armstrong Builders, Inc. ("ABI"), Armstrong Construction Co, ("ACC"), Armstrong Construction of Champaign, Inc. ("ACCI"), Armstrong Builders of Peoria, Inc. ("ABPI"), ARK VI, LLC ("ARK"), Eagle Links, LLC ("ELL"), Armstrong Grove, Inc. ("AGI"), Fieldstone Morton, LLC ("FML"), Victor E. Armstrong, Jr., Individually ("Victor"), and Thomas E. Armstrong, Individually ("Thomas")(collectively, "Defendants") and shows:

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction in this action pursuant to 28 USC §1331 and §1338(a) as this case arises under the U.S. Copyright Act.

2. Venue is proper in this Court pursuant to 28 USC §1400(a) as the Defendants reside and/or maintain a principal place of business in this District.

## Parties

3. Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska. Under Articles of Merger executed on July 1, 2009, Design Basics, LLC, is the successor by merger to Design Basics, Inc., and as such is the owner of all assets (including copyrights, trade and service names, trade and service marks, and all causes of action) that Design Basics, Inc., owned as of that date.

4. The Defendant, ABI, is a for-profit Illinois corporation with a principal office in Bloomington, IL. ABI is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon ABI by serving citation upon its Registered Agent, Thomas Armstrong at 1701 Tullamore Ave, Suite A, Bloomington, IL, 61704.

5. The Defendant, ACC, is a for-profit Illinois corporation with a principal office in Bloomington, IL. ACC is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon ACC by serving citation upon its Registered Agent, Victor E. Armstrong, Jr. at 1701 Tullamore

Plaintiff's Original Complaint for
Copyright Infringement

Ave, Suite A, Bloomington, IL, 61704, or 702 N. Clinton, Bloomington, IL, 61701, or 45 N. Country Club Pl, Bloomington, IL, 61701.

6. The Defendant, ACCI, is a for-profit Illinois corporation with a principal office in Bloomington, IL. ACCI is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon ACCI by serving citation upon its Registered Agent, Victor E. Armstrong, Jr. at 1701 Tullamore Ave, Suite A, Bloomington, IL, 61704, 702 N. Clinton, Bloomington, IL, 61701, or 45 N. Country Club Pl, Bloomington, IL, 61701.

7. The Defendant, ABPI, is a for-profit Illinois corporation with a principal office in Bloomington, IL. ABPI is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon ABPI by serving citation upon its Registered Agent, Victor E. Armstrong, Jr. at 1701 Tullamore Ave, Suite A, Bloomington, IL, 61704, or 45 N. Country Club Pl, Bloomington, IL, 61701.

8. The Defendant, ARK, is a for-profit Illinois limited liability company with its principal office in Bloomington, IL. ARK is in the business of marketing, developing, and selling residential houses and subdivisions. Service of citation may be had upon ARK by serving citation upon its Registered Agent, John L. Pratt at 1701 Tullamore Ave, Suite A, Bloomington, IL 61704, or 415 N. Center St, Bloomington, IL, 61701.

9. The Defendant, ELL, is a for-profit Illinois limited liability company with its principal office in Bloomington, IL. ELL is in the business of marketing, developing, and selling residential houses and subdivisions. Service of citation may be had upon ELL

Plaintiff's Original Complaint for
Copyright Infringement

by serving citation upon its Registered Agent, John M. Hamilton at 702 N. Clinton, Bloomington, IL, 61701.

10. The Defendant, AGI, is a for-profit Illinois corporation with its principal office in Bloomington, IL. AGI is in the business of marketing, developing, and selling residential houses and subdivisions. Service of citation may be had upon AGI by serving citation upon its Registered Agent, Victor E. Armstrong, Jr. at 1701 Tullamore Ave, Suite A, Bloomington, IL 61704.

11. The Defendant, FML, is a for-profit Illinois limited liability company with its principal office in Bloomington, IL. FML is in the business of marketing, developing, and selling residential houses and subdivisions. Service of citation may be had upon FML by serving citation upon its Registered Agent, Thomas Armstrong at 1701 Tullamore Ave, Suite A, Bloomington, IL 61704.

12. Defendant Victor E. Armstrong, Jr. is an individual residing in Bloomington, IL, who is the president, officer, director, manager and/or other principal of the entity defendants. Mr. Armstrong may be served with citation at 1701 Tullamore Ave, Suite A, Bloomington, IL, 61704, or 45 N. Country Club Pl, Bloomington, IL, 61701, or such other place as he may be found.

13. Defendant Thomas E. Armstrong is an individual residing in Bloomington, IL, who is an officer, director, manager and/or other principal of the entity Defendants and may be served with citation at 1701 Tullamore Ave, Suite A, Bloomington, IL, 61704, or 2012 Ebo Lane, Bloomington, IL, 61704, or such other place as he may be found.

## Facts

14. Since the early 1980's, DB has been a major publisher of home plan catalogs. With the advent of the internet, and through DB's marketing of its works through the publishing of its designs on its website, and through its marketing partners, DB's designs have become ubiquitous in the marketplace.

15. DB is the sole original author and owner of a large number of architectural works, including those entitled the "1380 Paterson," "5148 Bowden," "2638 Linden," "8518 Vanceboro," and "8100 Pebble Creek" (collectively, the "Copyrighted Works").

16. **Exhibit 1** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "1380 Paterson."

17. **Exhibit 2** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "5148 Bowden."

18. **Exhibit 3** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2638 Linden."

19. **Exhibit 4** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8518 Vanceboro."

20. **Exhibit 5** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8100 Pebble Creek."

21. On or about June 4, 2013 DB first became aware that the Defendants had violated their copyrights in one or more distinct ways. On said date, DB saw several plan designs being advertised and marketed on Defendants' website, www.buildarmstrong.com, that were strikingly similar to the Copyrighted Works

Plaintiff's Original Complaint for
Copyright Infringement

described in paragraphs 15 through 20 above. DB preserved Defendants' infringing works by making screen captures (**Exhibit 6**). The works discovered at that time were:

   a) Armstrong's "Dodger" – DB's 1380 Paterson
   b) Armstrong's "Miller" – DB's 1380 Paterson
   c) Armstrong's "Minute" – DB's 1380 Paterson
   d) Armstrong's "National" – DB's 1380 Paterson
   e) Armstrong's "Oakley" – DB's 1380 Paterson
   f) Armstrong's "158TAAF" – DB's 1380 Paterson
   g) Armstrong's "186TAAF" – DB's 1380 Paterson
   h) Armstrong's "216TAAF" – DB's 1380 Paterson
   i) Armstrong's "402CC" – DB's 1380 Paterson
   j) Armstrong's "Yankee" – DB's 5148 Bowden
   k) Armstrong's "Citi" – DB's 2638 Linden
   l) Armstrong's "Custom Ranch" – DB's 8518 Vanceboro
   m) Armstrong's "Wrigley" – DB's 8100 Pebble Creek

22.   Additionally, DB regularly and systematically handed out and/or mailed publications containing DB's house plans to members of the National Association of Home Builders ("NAHB"), including those member of the Home Builders Association of East Central Illinois ("HBAECI"). The Defendants are members of the HBAECI, and are even featured as a "Showcase Builder" on HBAECI's website. One or more of the floor plans and elevations of the Copyrighted Works at issue in this case were within one or more of the plan books handed out and/or mailed by DB to Defendants.

23.   DB's home designs, including the Copyrighted Works, have been marketed for years on a nationwide basis, including in this District, by means of plan catalogs and other publications, as well as through online publications, including but not limited to DB's website, www.designbasics.com. At all times material to this case, Defendants have had a reasonable opportunity to have viewed the Copyrighted Works. Despite this, when

DB checked its records, it found that DB had never licensed any of the five (5) Copyrighted Works set out in paragraphs 15 through 20 above, to *any* of the Defendants.

24. In addition to posting infringing copies of DB's copyright protected works on Defendants' website(s) for purposes of advertising, marketing and/or promotion, on information and belief, one or more of the Defendants, had a financial interest in the infringing activities, and/or realized profit attributable to infringing activities, including but not limited to the construction of one or more three-dimensional infringing copies (houses) of these works.

25. Each three-dimensional copy constructed by Defendants as alleged in paragraph 21 (a) – (m) above constitutes a derivative work infringing Plaintiff's copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

26. Inasmuch as Victor and/or Thomas are the current principals and/or managers of the entity Defendant, or otherwise had control of it, they had knowledge of their infringing activities, and/or had a financial interest in the infringing activities by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the entity Defendant's marketing, construction, and/or sales of said infringing houses.

27. The conduct of the entity Defendants described above, was performed and/or accomplished through the direction, control and conduct of Victor and/or Thomas personally, as owners, officers, directors and/or managers of the entity Defendant. Victor and/or Thomas had the right and ability to supervise the infringing activities, including but not limited to preventing the Defendant from infringing DB's works, and/or stopping

the infringements once they began. Additionally, on information and belief, Victor and/or Thomas received pecuniary benefit from the acts of infringement by the entity Defendant. Accordingly, Victor and/or Thomas are personally liable to DB as joint and/or contributory infringers, or are otherwise vicariously liable.

28. The illicit acts of the Defendants, described in paragraphs 21 through 25 above were done without permission or license from DB, and are in violation of DB's exclusive copyrights in said works.

29. Upon information and belief, Defendants have infringed DB's copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of and through the discovery process.

### Causes of Action for Non-Willful Copyright Infringement
### Count One

30. DB re-alleges and incorporates paragraphs 14 through 29 above as if fully set forth herein.

31. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 20 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Two

32. DB re-alleges and incorporates paragraphs 14 through 29 above as if fully set forth herein.

Plaintiff's Original Complaint for
Copyright Infringement

33. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 20 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Three

34. DB re-alleges and incorporates paragraphs 14 through 29 above as if fully set forth herein.

35. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 20 above by creating derivatives of Plaintiff's works in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Four

36. DB re-alleges and incorporates paragraphs 14 through 29 above as if fully set forth herein.

37. Defendants, without knowledge or intent, infringed on one or more of Plaintiff's copyrighted works identified and described in paragraphs 15 through 20 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

Plaintiff's Original Complaint for
Copyright Infringement

### Alternative Causes of Action for Willful Copyright Infringement
### Count Five

38.　DB re-alleges and incorporates paragraphs 14 through 37 above as if fully set forth herein.

39.　Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 20 above by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of DB's works which are as yet undiscovered.

### Count Six

40.　DB re-alleges and incorporates paragraphs 14 through 37 above as if fully set forth herein.

41.　Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 20 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Seven

42.　DB re-alleges and incorporates paragraphs 14 through 37 above as if fully set forth herein.

Plaintiff's Original Complaint for
Copyright Infringement

43. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 20 above by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Eight

44. DB re-alleges and incorporates paragraphs 14 through 37 above as if fully set forth herein.

45. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 20 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3) and on information and belief, have done so with others of their works which are as yet undiscovered.

### Violations of DMCA § 1202
### Count Nine

46. DB re-alleges and incorporates paragraphs 14 through 45 above as if fully set forth herein. Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

47. In creating the drawings identified above, one or more of said Defendants intentionally removed and omitted DB's copyright management information, or had them removed or omitted from copies of DB's works.

48. One or more of the Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without authorization.

49. At the time said Defendants removed DB's copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of DB's copyrights.

50. DB is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

51. Pursuant to 17 U.S.C. §1203(b)(5), DB is entitled to and seeks to recover their reasonable attorneys' fees.

## Conclusion and Prayer

WHEREFORE, DB demands that judgment be entered in their favor and against the Defendants jointly and severally, as follows:

A. For an accounting by Defendants of their activities in connection with their infringements of DB's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B. For DB's actual damages, in an amount to be determined at trial;

C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits

   derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D.   In the alternative, at DB's option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

E.   An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F.   DB's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G.   For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing DB's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of DB's plans and/or derivatives thereof;

H.   An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe DB's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I.   An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; *and*

J.   For such other relief as the Court determines to be just and equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Date: June 1, 2016               **LEJUNE LAW FIRM**

By:   /S/ **Dana A. LeJune**
      Dana A. LeJune
      Texas Bar No.: 12188250
      email: dlejune@triallawyers.net
      6525 Washington Avenue
      Suite 300
      Houston, Texas 77007
      Tel:  713.942.9898 Telephone
      Fax: 713.942.9899 Facsimile

      and

      **LITIGATION, U.S., LLC**

By:   /S/Michael T. Hopkins
      Michael T. Hopkins
      SBN: 1014792
      email: mth@ip-lit.us
      757 N. Broadway, Suite 201
      Milwaukee, WI  53202
      Tel/Fax: 866-735-0515

      *ATTORNEYS FOR PLAINTIFF*